LEON FARR, TRUSTEE *v.* STEVEN EISEN ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 9—decision released August 31, 1976

*H. G. Guion,* for the appellant (plaintiff).

*David B. Losee,* for the appellees (defendants).

BOGDANSKI, J.  The plaintiff filed an application for approval of a subdivision plan with the planning and zoning commission of the town of Bethlehem.  A public hearing on that application was held on March 11, 1975, and on May 8, 1975, within sixty-five days of the hearing, the commission voted

to deny the application. On May 16, 1975, the plaintiff was notified of the commission's action by registered mail in accordance with § 8-26 of the General Statutes; the commission, however, did not cause notice of its decision to be published in a newspaper as required by that same statute and by § 8-28 of the General Statutes. On May 30, 1975, the plaintiff made a formal demand upon the commission that it issue the requested certificate of approval. When the commission refused, the plaintiff instituted this action in the Superior Court seeking the issuance of a writ of mandamus ordering the defendants, members of the planning and zoning commission, to issue the appropriate certificate. The defendants filed a motion to quash, which the court and the parties treated as a demurrer, and which the court sustained. The plaintiff declined to plead over and, from the judgment rendered, has appealed to this court.

The sole issue presented by this appeal is whether the commission's failure to cause notice of its denial of the application to be published within fifteen days after making its decision as required by General Statutes § 8-26 constituted such a "failure of the commission to act" on the application within the meaning of that same statute as would require the commission to issue the requested certificate upon demand.

General Statutes § 8-26 provides in relevant part: "The commission shall approve, modify and approve, or disapprove any subdivision . . . application or maps and plans submitted therewith, . . . within sixty-five days after the public hearing thereon . . . . Notice of the decision of the commission shall be published in a newspaper . . . and

addressed by certified mail to any person applying to the commission under this section . . . within fifteen days after such decision has been rendered. Such notice shall be a simple statement that such application was approved, modified and approved or disapproved, together with the date of such action. The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand." It is the plaintiff's contention that the provisions of that statute, when considered in conjunction with General Statutes § 8-28,[1] and this court's decision in *Akin* v. *Norwalk,* 163 Conn. 68, 301 A.2d 258, compel the conclusions that he is entitled to obtain the certificate of approval on demand and that the trial court erred in refusing to issue a writ of mandamus to that effect.

In *Akin,* a planning commission approved a subdivision plan, but no notice of its decision was published within the ten-day period then prescribed by § 8-28. The plaintiffs in *Akin,* landowners in the immediate vicinity of the proposed subdivision, had actual notice of the decision and filed an appeal in the Court of Common Pleas claiming, among other things, that the action taken was invalid because

---

[1] General Statutes § 8-28 provides in relevant part: "Notice of all official actions or decisions . . . of a planning commission shall be published in a newspaper having a substantial circulation in the municipality within fifteen days after such action or decision. . . . [A]ny person aggrieved by an official action or decision, including a decision to take no action, of a planning commission may appeal therefrom, within fifteen days from the date when notice of such action or decision was so published, to the court of common pleas . . . . In those situations where the approval of the planning commission must be inferred because of the failure of the commission to act on an application, any person aggrieved by such approval may appeal therefrom within twenty days after the expiration of the sixty-five-day period prescribed in section 8-26 for action by the commission to the court of common pleas."

of the absence of publication. The trial court found that the appeal was timely taken, but rendered judgment dismissing it. On appeal, this court concluded "that the publication provision [of § 8-28] is mandatory. . . . [T]he requirement of publication [is] a matter of substance and of the essence of the thing to be accomplished, not a matter of mere procedure or convenience. Having failed to comply with this mandatory requirement within the allotted ten-day period, we hold the council's decision to be null and void." *Akin* v. *Norwalk,* supra, 73–74. It is noteworthy that in *Akin,* this court held the approval of the subdivision plan to be void even though the aggrieved plaintiffs had actual knowledge of the decision and could not have successfully argued that they were prejudiced by the absence of publication.

Since in the present case the commission caused no publication of its decision, and since more than fifteen days have elapsed since the date that the decision was reached, we must conclude that the decision of the commission is null and void.

It does not follow, however, that the commission's failure to publish is the legal equivalent of approval by non-action within the meaning of § 8-26, requiring the issuance of a certificate of approval on demand.

Section 8-26 provides that "notice of the decision" shall be published, which notice shall include the date of *such action,* and that "failure of the commission to act" on the application shall be considered as an approval. Thus, it is the failure of the commission to render a decision within sixty-five days of the public hearing, rather than an absence of publication, which triggers "the non-action

approval provisions" of the statute. Here, the commission did render a decision and therefore "acted" within the meaning of the statute. There is a marked difference between "non-action" and an action which is ultimately declared "null and void." Nothing can be declared void if it was not first in existence. There must be action of some kind before it can be declared invalid. Although the commission's decision is invalid, that decision did in fact constitute action.

Inasmuch as the plaintiff has no legal right to the issuance of a certificate of approval, a writ of mandamus compelling issuance of such a certificate does not lie. We conclude, therefore, that although the decision of the commission is invalid, the trial court properly sustained the demurrer. The plaintiff has the right to submit a new application and to have it considered in accordance with law.

There is no error.

In this opinion the other judges concurred.