[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant Zoning Commission of the City of Norwalk [Commission], Norwalk/Rowayton areas of Norwalk. Plaintiff, William D. Lane, Executor, is the Executor of the Estate of George J. Fodor [Estate], which is the owner of the subject property known as Fodor Farm located at 322 Flax Hill Road in South Norwalk.
The subject property consists of the farm itself, four building lots and a house fronting on Hadik Parkway in South Norwalk. Prior to April 26, 1991, the subject property was zoned C Residence.
On December 27, 1990 the Commission proposed a series of comprehensive zone changes, referred to as #10-90M, in the South Norwalk and Rowayton areas of the city. (Return of Record [ROR] #1 CT Page 3763 copy of minutes of the P Z Committee regular meeting of December 27, 1990) The majority of the proposed changes were from one residence zone to another residence zone. (ROR #2, copy of letter from Edward J. Leary, Planning Director, Zoning Commission). The proposed purpose of these changes was to conform the zoning designation with the actual use of the property, eliminate split-zoned lots and to protect the environment. (ROR #2).
Notice of the March 20, 1991 public hearing regarding the proposed building zone map changes was published in the Hour on March 7, 1991 and on March 14, 1991. (ROR #30, copy of Publisher's Affidavit for Zoning Commission meeting of March 20, 1991). On March 20, 1991, the public hearing was conducted and testimony was presented in support of an in opposition to the proposed building zone map changes. (ROR #28 copy of minutes of Norwalk Zoning Commission regular meeting of March 20, 1991 and ROR #29 copy of verbatim transcript of Zoning Commission meeting of March 20, 1991). Plaintiff did not attend the March 20, 1991 meeting. (ROR #28 and ROR #29).
At the April 17, 1991 regular meeting of the Norwalk Zoning Commission, the Commission unanimously approved the proposed changes to the Building Zone Map as revised to April 11, 1991, effective April 26, 1991. (ROR #38 copy of minutes of Norwalk Zoning Commission regular meeting of April 17, 1991 and ROR #39 copy of verbatim transcript of Norwalk Zoning Commission meeting of April 17, 1991). The Commission's decision changed the subject property from a C Residence zone to a B Residence zone. (ROR #38, #39). Notice of the Commission's decision approving the changes was published in The Hour on April 25, 1991. (ROR #40 copy of Publisher's Affidavit for action taken at the Zoning Commission meeting of April 17, 1991). This notice was "corrected" by subsequent notice published in The Hour on May 23, 1991. (ROR #44 copy of Publisher's Affidavit for correction to Legal Notice of actions taken at the April 17, 1991 Zoning Commission meeting). It is from this decision that the instant appeal arises.
Appeals from Zoning Commissions are to be taken pursuant to8-8. General Statutes 8-9.
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128
(1987). At the January 13, 1992 hearing on this appeal the court, Sylvester, J., ruled from the bench finding aggrievement.
"[A]ny person aggrieved by any decision of a board may take an appeal to the superior court. . . . The appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published. . . ." General Statutes 8-8(b). Notice of CT Page 3764 the Commission's decision was published on April 25, 1991 (ROR #40) and "corrected" May 23, 1991 (ROR #44). The appeal was served on May 9, 1991, upon the named defendants Zoning Commission, City of Norwalk, Mary O. Keegan, Town Clerk, City of Norwalk and Robert Dakers, City Clerk, City of Norwalk. James Cunningham, Chairman of the Zoning Commission received process for defendant Zoning Commission. Accordingly, it is found that plaintiff's appeal was served within fifteen days of the Commissioner's April 25, 1991 published notice of decision and therefore is timely.
Notice of the Public Hearing
Plaintiff argues that the Commission's failure to provide proper notice of the public hearing constitutes a jurisdictional defect which renders the Commission's action null and void. Plaintiff argues that the Commission's notice referring to the general area of change and to each specific property's District, Block and Tax Lot number was inadequate because it failed to sufficiently apprise those who may be affected. Plaintiff also argues that the notice was misleading in that it referenced six different areas while there were in actuality, forty-seven areas of change within the six designated areas. Plaintiff also argues that as a consequence of the inadequate notice, the public hearing was improper.
The Return of Record in the instant case reveals that the notice stated that on March 20, 1991 the Commission would hold a public hearing on the proposed building zone map changes in the South Norwalk/Rowayton area of Norwalk. (ROR #30) The notice stated that the proposed zone changes "are primarily from one residential zone to another as shown on a map entitled South Norwalk/Rowayton Areas of Change dated January 25, 1991. . . ." (ROR #30) The notice went on to describe six different areas giving street names and vicinities, taxing districts, block and lot numbers. (ROR #30) The notice also stated that copies of the applications to be heard at the public hearing are on file at the office of the Zoning Commission, City Hall, 125 East Avenue. (ROR #30) The notice further stated that "[c]opies of the amendment to the Building Zone Map are also on file at the Town Clerk's Office at the same address." (ROR #30)
"The law is clear that failure to give proper notice of a hearing constitutes a jurisdictional defect, results in a lack of due process, and renders the action of the commission granting the zone change null and void." Jarvis Acres, Inc. v. Zoning Commission, 163 Conn. 41, 44, 301 A.2d 244 (1972).
General Statutes 8-3(a), which concerns the establishment and changing of zoning regulations and districts, provides in pertinent part that: CT Page 3765
 Notice of the time and place of such hearing shall be published. . . in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing, and a copy of such proposed regulation or boundary shall be filed in the office of the town, city or borough clerk, as the case may be, in such municipality, . . . for public inspection at least ten days before such hearing. . . .
"The purpose of the notice required by this statute is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." Passero v. Zoning Commission, 155 Conn. 511, 514, 235 A.2d 660 (1967), cert. denied, 390 U.S. 1004 (1967). "What is required is not actual notice, but, rather, constructive notice." Jarvis Acres, Inc. v. Zoning Commission, supra, 47. "Not all flaws in the notice are fatal; for example, the notice need not describe the proposed action with exactitude. . . . A defect, however, may not be misleading." (Citations omitted) Cocivi v. Plan Zoning Commission, 20 Conn. App. 705, 708, 570 A.2d 226 (1990).
The notice clearly stated that the hearing was called to consider whether the proposed Building Zone Map changes should be adopted. The notice specified the six general areas to be affected by the changes and identified street names, taxing districts, block and lot numbers. The notice specifically named Flax Hill Road, Michael Street, and Hadik Parkway all of which border plaintiff's property. The notice further stated that copies of the application and amendments to the building zone map were on file. The notice with its description of six different areas identified by street names and vicinities, taxing district, block and lot numbers sufficiently apprised those who may be affected by the proposed zone map changes. Anyone who may have been affected by the proposed changes was entitled to review the changes at City Hall prior to the public hearing to enable oneself to prepare intelligently for the hearing. See Lavitt v. Pierre, 152 Conn. 66,73, 203 A.2d 289 (1964). Plaintiff has not argued that such copies were not available. Constructive notice was provided by the Commission and that the published notice satisfied the purpose of General Statutes 8-3(a). Plaintiff's argument that the notice was misleading because it referenced six different areas while there were actually forty-seven is not persuasive. As previously discussed the areas to be affected by the proposed changes were sufficiently identified and readily available for inspection. If there are forty-seven areas included within six areas that have CT Page 3766 identified, it defies logic as to how this could be misleading. Listing the forty-seven areas would only render the notice unduly cumbersome.
Plaintiff also argues that the Commission has an inconsistent notice standard. Plaintiff argues in his memorandum that if a property owner or group of property owners seek a zone change they "must give specific notice to the property owners within the area of the zone change. . . . On the other hand, the Commission exempts itself from this provision. . . ." (Plaintiff's Trial Brief at 14-15) Plaintiff argues that "[t]his kind of double standard should not be countenanced. . . ." (Plaintiff's Trial Brief at 15) A declaratory judgment action rather than an appeal is the proper proceeding in which to challenge the validity of a regulation. Bombero v. Planning Zoning Commission, 218 Conn. 737, 742, 591 A.2d 390
(1991). Plaintiff's administrative appeal is not the proper vehicle for a general attack upon the validity of the application procedure for a zone change.
As discussed, the published notice of the public hearing fairly and sufficiently apprised those who may have an interest in or may be affected by the Commission's action so as to enable them to prepare for the hearing. Accordingly, the published notice of the hearing was adequate constructive notice and did not constitute a jurisdictional defect.
Notice of the Commission's Decision
Plaintiff argues that the Commission in the instant action rendered its decision on April 17, 1991, with an effective date of April 26, 1991. Plaintiff argues that in order to comply with General Statutes 8-3(d) the Commission had to publish a correct notice of decision before April 26, 1991. Plaintiff argues that,
 [t]he notice of decision which the defendant Commission published on April 25, 1991 was defective and subsequently had to be corrected via a second publication on May 23, 1991, approximately 27 days after the decision was to have taken effect (ROR #40, #44). Since the publication of a notice of decision is a matter of substance and the essence of the thing to be accomplished strict compliance with the statute is necessary. As the defendant Commission failed to properly publish a notice of decision within the applicable time constraint the decision of the defendant Commission is rendered null and void.
(Plaintiff's Trial Brief at 13).
In response, the Commission argues that plaintiff has not been CT Page 3767 prejudiced or harmed by the correction to the original notice. The Commission argues that the correction concerned property in another part of town and not plaintiff's property. The Commission also argues that plaintiff took his appeal, in accord with the original time restraints dictated by the original notice. The Commission concludes that the "notice itself is not the legal point here, it is the affect as to the Plaintiff." (Zoning Commission's Trial Brief at 8.).
In the instant case the Commission rendered its decision on April 17, 1991, unanimously approving changes to the building zone map, effective April 26, 1991. (ROR #38). Notice of this decision was published in The Hour on April 25, 1991 and copies of the application and the amendments to the Building Zone Map were filed at City Hall. (ROR #40 and #42). A copy of the map Revised to April 11, 1991, showing the adopted areas of zone changes was sent to plaintiff William Lane with a letter dated April 19, 1991. (ROR #41) A "correction" was made to the legal notice of the action taken by the Commission on April 17, 1991 and originally published on April 25, 1991. (ROR #43 and #44) The correction was published one time in The Hour on May 23, 1991. (ROR #43 and #44). The correction revised the second paragraph of the adopted map changes for South Norwalk and Rowayton, Area 5 — Wilson Avenue/Old Trolley Way/Tory Hill Lane and vicinity by adding lot 112 to the list of lots enumerated in the April 25, 1991 notice of decision and stated that the area affected is shown on a map revised to May 23, 1991. (ROR #43 and #44). The corrected notice made no mention of changing or extending the effective date of the changes to the building zone map. (ROR #44).
General Statutes 8-3(d) provides in pertinent part that:
 Zoning. . . changes. . . shall become effective at such time as is fixed by the zoning commission, provided a copy of such. . . change shall be filed in the office of the. . . city. . . clerk. . . and notice of the decision of such commission shall have been published in a newspaper having a substantial circulation in the municipality before such effective date.
The notice requirement of General Statutes 8-3(d) is similar to the notice requirement of General Statutes 8-8, 8-26 and 8-28
and therefore the court relies on the body of case law that has evolved from those statutes for its reasoning and analysis of Section 8-3(d).
Failure to publish a notice of decision is a jurisdictional defect which renders the Commission's decision null and void. Farr v. Eisen, 171 Conn. 512, 514-15, 370 A.2d 1024 (1976), citing Akin v. Norwalk, 163 Conn. 68, 73-4, 301 A.2d 258 (1972). "The. . . CT Page 3768 purpose of. . . requiring the publication in a newspaper of the decision of a Commission, is twofold: (1) To give notice to interested parties of the decision, and (2) to commence the start of the fifteen-day appeal period." Akin v. Norwalk, supra, 73.
 [O]ur supreme court has stated that the "`fundamental reason for the requirement of notice is to advise all affected parties of the opportunity to be heard. . . .' What is required is not actual notice, but rather, constructive notice." Jarvis Acres. Inc. v. Zoning Commission, 163 Conn. 41, 47, 301 A.2d 244 (1972). The intent is to notify "as much of the populace as possible." Id.
Fleischmann v. Planning Zoning Commission, 38 Conn. Sup. 590
592, 456 A.2d 791 (App. Sess. 1982), appeal dismissed, 461 U.S. 950
(1983).
 Where a right of appeal from a decision of an administrative agency is provided by a statute, this court has perceived an implicit requirement that reasonable notice of the agency decision be given in order to implement the legislative purpose in providing for an appeal. (citation omitted). `Until the prospective appellant has either actual or constructive notice that a decision has been reached the right of appeal is meaningless.' (citations omitted). We have also insisted that specific statutory requirements for notice be strictly followed. (citations omitted). The policy under these holdings ensures the interested parties receive reasonable notice of an administrative agency decision.
Lynch v. Muzio, 204 Conn. 60, 66, 526 A.2d 1336 (1987).
"It is only necessary to provide notice adequate to ensure a reasonable opportunity within the applicable time constraints to obtain the information required to form an opinion whether or not to appeal." Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276, 282, 487 A.2d 559 (1985).
In the instant case on April 17, 1991 the Commission unanimously approved changes to the building zone map, effective April 26, 1991. The original notice of decision published on April 25, 1991 was published prior to the April 26, 1991 effective date, as required by Section 8-3(d). There can be no question that the notice of decision published on April 25, 1991, informed plaintiff that there was a decision to appeal from regarding plaintiff's property. The notice of decision listed plaintiff's property District, Block and Tax lot numbers, the street names that border CT Page 3769 the property and stated that the property was changed from a C Residence Zone to a B Residence Zone. However, the April 25, 1991 notice of decision did not inform plaintiff nor any other interested party that lot 112 was rezoned to AAA Residence. As such, the April 25, 1991 notice is defective because it failed to provide constructive notice to the populace of the City of Norwalk regarding all the approved changes to the building zone map. The corrected notice of decision published on May 23, 1991 may have informed the populace of Norwalk that Lot 112 was rezoned to AAA Residence, but this was published subsequent to the April 26, 1991 effective date. The corrected notice fails to comply with Section8-3(d) which requires the notice to be published before the effective date. Because the Commission's April 25, 1991 notice of decision failed to give constructive notice of all the approved changes to the building zone map and the May 23, 1991 notice of decision is untimely, the Commission has not complied with the mandatory requirements of Section 8-3(d). "[I]n Akin, [the] court held the approval of the subdivision plan to be void even though the aggrieved plaintiffs had actual knowledge of the decision and could not have successfully argued that they were prejudiced by the absence of publication." Farr v. Eisen, supra, 515. Because the public is entitled to constructive notice of the decision, the fact that plaintiff may not be prejudiced by the absence of publication is of no consequence. The zone change is the concern of many Norwalk residents and the Commission's failure to comply with the mandatory requirements of Section 8-3(d) renders the Commission's decision null and void.
Since the above is dispositive of plaintiff's appeal, the Court does not address plaintiff's other arguments.
Because the Commission failed to comply with the mandatory requirements of Section 8-3(d) the Commission's decision is rendered null and void. Accordingly, the plaintiff's appeal is sustained.
SYLVESTER, JUDGE