[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case relates to the process used by the defendant planning and zoning commission; in receiving evidence relating to, and in publication of a zone change.
The defendant applied for the change of zoning from agricultural to industrial for certain parcels of land in East Granby; which included land of the Plaintiff. The Plaintiff is thus aggrieved by the change in zone.
The public hearing on the proposal was properly noticed and held on February 27, 1996. The Plaintiff through legal counsel argued against such change. A major proponent of the change was the town Economic Development Officer. The public hearing concluded on February 27, 1996. On March 26, 1996, the Economic Development Officer submitted an ex parte memorandum to the Defendant, purporting to recapitulate the information he provided at the hearing. The Defendant commission voted on April 2, 1996 to approve the zone change, effective April 11, 1996. Legal notice of the zone change was published on April 11, 1996.
Plaintiff raised three issues in his appeal. He alleges that the notice violated General Statutes § 8-3 (d)[1] in that it was not published "before such effective date" of the zone change. The Plaintiff also challenges the consideration of the "recapitulation" memorandum from the Economic Development Officer subsequent to the close of the hearing. Lastly, the Plaintiff construes the zone change as an unconstitutional "taking" of his property.
Section 8-3 (d) provides in pertinent part that zoning changes shall become effective "at such time as is fixed by the zoning commission" provided it is properly filed "and notice of the decision . . . shall have been published . . . before such effective date."
The notice in this case, was published not before but upon the effective date fixed by the zoning commission. The issue presented by this appeal is the consequence of such action. Plaintiff argues that the decision is null and void since CT Page 8400 publication was ineffective. Defendant maintains that the statute should be construed to allow the zone change to be effective the first day subsequent to publication.
Plaintiff relies on a Superior Court decision in Lane v.Zoning Commission of City of Norwalk, J.D. Stamford/Norwalk at Stamford Docket No. CV91-0116843S (Sylvester, J. April 24, 1992). The Lane decision relied on authority holding that the failure to publish within the time frames of §§ 8-28 and 8-26 made zoning decision null and void. See, Akin v. Norwalk, 163 Conn. 68, 73-74
(1972) and Farr v. Eisen, 171 Conn. 512, 515-16 (1976).
In Akin a planning commission approved a subdivision plan, but no notice of the decision was published within the ten-day period prescribed by § 8-28.
In Farr a planning and zoning commission failed to publish its decision denying a subdivision application within the fifteen day period required by § 8-26.
In the instant case the August 11, publication was within the ten-day requirement of § 8-28. It however, failed to precede the set effective date; being coincident with such date.[2]
 Akin held:
 The obvious purpose of § 8-28, requiring the publication in a newspaper of the decision of a commission, is twofold. (1) To give notice to interested parties of the decision, and (2) to commence the start of the fifteen-day appeal period."
163 Conn. at 73.[3]
Analogously the publication requirement of § 8-3 (d) has not only the purposes described in Akin, but also the purpose of providing notice of the action prior to the effective date of the action.
The statutory use of "shall" for the prior publication is significant, though not dispositive. "We have noted, however, that the use of this word `shall' though significant, does not invariably establish a mandatory date." Angelsea Productions, In.v. CHRO, 236 Conn. 681, 690 (1996). CT Page 8401
In Angelsea, supra, the Court held:
 The test we have adopted for determining whether such a statutory requirement is mandatory or directory is whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to a matter material or immaterial to matters of convenience or of substance . . . . If it is a matter of convenience, the statutory provision is a matter of convenience; if it is a matter of substance, the statutory provision is mandatory. Stated another way, language is deemed to be mandatory if the mode of action is of the essence of the purpose to be accomplished by the statute but will be considered directory if the failure to comply with the requirement does not compromise the purpose of the statute. (Internal quotation marks and citations omitted.)
236 Conn. at 690.
The thing to be accomplished by § 8-3 (d) was not only the publication which was mandatory under § 8-28 and Farr v.Eisen, supra, but the publication prior to the effective date. The order of the publication followed by effective date is the essence of the purpose to be accomplished by § 8-3 (d). It is thus a mandatory obligation to publish prior to the fixed effective date.
The commission argues for a construction of the statute which would make the decision effective on the date fixed by the commission or the date after filing and publication of notice. That might well be wise policy; but it does not reflect the policy expressed by the legislature in § 8-3 (d). It would be a judicial usurpation of legislative powers to read into the statute the phrases necessary to accomplish such result. "[T]he primary responsibility for formulating public policy must remain with the legislature." State v. Whitman, 204 Conn. 98, 103
(1987).
The commission cites Rankl v. Zoning Commission of the Townof Marlborough, Superior Court Judicial District of Hartford-New Britain at Hartford (Aronson, J. October 18, 1985) in which a CT Page 8402 commission's failure to set an effective date did not result in the decision being null and void. However, even Rankl noted: "The only restriction on the effective date is that it not be set prior to the publication of the decision . . . ." That is what happened here, and thus the effective date is invalid.
The resolution of the first issue resolves the appeal. Concerning the issue of ex parte communication from the town Economic Development Officer, the authority of Naroon v. InlandWetlands Agency, 26 Conn. App. 564, 573 (1992) is controlling. A juxtaposition of the transcript and letter of March 25, 1996, reveals that no "additional evidence" was presented by the letter. Also see, Brookfield Plaza Limited Partnership v. ZoningCommission, 21 Conn. App. 489, 495 (1990).
The Plaintiff's "taking" issue is also resolved in Defendant's favor. The record contains no evidence which would at all indicate that Plaintiff has no reasonable alternate uses of his property. See, Gil v. Inland Wetlands Watercourses Agency,219 Conn. 404, 415 (1991) and Francini v. Zoning Board ofAppeals, 228 Conn. 785, 792 (1994).
The Plaintiff's appeal is sustained because of the commission's failure to publish notice prior to the effective date of the change.
The commission is directed to vacate the zone change approved on April 2, 1996.
McWEENY, J.