[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, William A. Oppenheimer and Kathleen F. Oppenheimer, are the owners of property located at 186 Longtown Road, Redding.
The defendants, Alfred and Sharon Dietzel, owned a 14.84 acre parcel known as 9 and 11 Putnam Park Road in 1997.
The Dietzel property, which abuts the plaintiffs' property, was the subject of an application seeking approval from the Redding Planning Commission of a four lot subdivision.
On August 26, 1997, the Redding Planning Commission approved a modified version of the subdivision application and granted the Dietzels a two-lot subdivision.
From that decision, Alfred and Sharon Dietzel appealed (CV97 0329267S).
William and Kathleen Oppenheimer filed a motion to intervene in that appeal for the purpose of raising environmental issues pursuant to § 22a-19 of the Connecticut General Statutes.
The Oppenheimers also filed an appeal from the decision of the Redding Conservation Commission granting a license to Alfred and Sharon Dietzel to conduct a regulated activity on one of the four lots depicted on the proposed subdivision.
On April 14, 1998, the Redding Planning Commission met and voted to approve an agreement with Alfred and Sharon Dietzel, in order to resolve the pending appeal.
The following day, April 15, 1998, pursuant to the provisions of § 8-8(n)[1] of the Connecticut General Statutes, the court approved the agreement as requested by Michael N. Lavelle, Esq., representing the Redding Planning Commission, and Neil R. Marcus, Esq., counsel for Alfred and Sharon Dietzel. CT Page 14057
The court (Radcliffe, J.) approved the proposed settlement, and the withdrawal of the appeal by the Dietzels.
The appeal was withdrawn on April 15, 1998.
Following approval of the settlement agreement and withdrawal, William and Kathleen Oppenheimer filed a petition for certification with the Appellate Court.
The petition dated July 24, 1998 was granted on September 9, 1998 (A.C. 18378).
In their petition, the plaintiffs contend that their rights as interveners have been violated by the approval of the settlement agreement.
Subsequent to the withdrawal of their appeal, Alfred and Sharon Dietzel prepared a map for recording entitled: "Resubdivision Map Prepared for Alfred S. Dietzel and Sharon L. Dietzel Route 107-A, Date January 24, 1997, Revised May 27, 1997, Revised April 29, 1997, Revised July 21, 1997, revised August 11, 1998, Prepared by Surveying Associated, P.C. 432 Main Street, Danbury, Ct."
The map was signed by Diane Taylor, chair of the Redding Planning Commission on August 19, 1998, and was recorded on the Redding Land Records on August 20, 1998.
The plaintiffs filed this appeal claiming that the provisions of § 8-25 of the Connecticut General Statutes prohibit the filing of a subdivision map, while an appeal to the Appellate Court is pending (A.C. 18378).
They have also moved to cite in additional party defendants whose interest may be affected by the appeal in light of transfers of title by the Dietzels.
The plaintiffs' appeal of the decision of the Redding Conservation Commission (CV97 0329020 S) was dismissed by memorandum of decision dated November 18, 1998 (Radcliffe, J.).
The Redding Planning Commission moves to dismiss this appeal claiming lack of subject matter jurisdiction for two reasons: (1) the suit is barred based upon the "prior pending action" CT Page 14058 doctrine, and (2) the filing of the map and the signing of that map by the chair of the Planning Commission are not appealable.
 APPEAL IS NOT PRIOR PENDING ACTION
The Redding Planning Commission claims that the plaintiffs cannot maintain this action because it is "duplicative" of their appeal currently before the Appellate court.
Therefore, it argues, the suit is governed by the prior pending action doctrine, which holds that the pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or objective, is good cause for abatement, because the second action is unnecessary. Halpern v. Board ofEducation, 196 Conn. 647, 652 (1985). When two actions are virtually alike, the second is amenable to dismissal by the court. Henry F. Raab Connecticut, Inc. v. J.W. Fisher Co.,183 Conn. 108, 112 (1981).
The court should examine the pleadings to determine whether the actions are virtually alike. Solomon v. Aberman,196 Conn. 359, 383 (1985).
Here, as the defendant appeared to concede at the November 30, 1998 hearing, the prior pending action doctrine finds no support.
In the appeal now pending before the Appellate Court (A.C. 18378), the plaintiffs claim standing to raise environmental issues pursuant to § 22a-19 of the Connecticut General Statutes. As such, they have standing to participate in the appeal only for the limited purpose of raising environmental issues, and do not have the right to question the agency decision on other grounds. Mystic Marinelife Aquarium, Inc. v. Gill,175 Conn. 483, 500 (1978). In this action, they seek to challenge the recording of a map pertaining to a four lot subdivision abutting their property.
As such, they seek to demonstrate statutory aggrievement pursuant to § 8-8(1) of the Connecticut General Statutes.
The plaintiffs in the instant appeal are not confined to environmental issues, but instead seek to challenge the actions of the Redding Planning Commission, sitting in an administrative capacity. RK Development Corporation v. City of Norwalk, CT Page 14059156 Conn. 369, 372 (1968).
They seek, in this case, a role as parties for all proper purposes. Their role is not, as in a § 22a-19 matter, limited to a derivative function, the raising of environmental concerns. R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 32.6, p. 92, 1998 Pocket Part.
 SIGNING AND RECORDING OF MAP DOES NOT CONSTITUTE APPEALABLE ISSUES
The plaintiffs claim that the filing of the map, and the signing of that map by the chair of the Redding Planning Commission, is not permitted pursuant to § 8-25, because an appeal is pending in the Appellate Court.
The plaintiffs rely upon the provisions of § 8-25, which reads:
 No subdivision of land shall be made until a plan for such subdivision has been approved by the commission . . . Any plan for subdivision shall, upon approval . . . be filed or recorded by the applicant in the office of the town clerk within ninety days of the expiration of the appeal period under section 8-8, or in the case of an appeal, within ninety days of the termination of such appeal by dismissal, withdrawal or judgment in favor of the applicant . . .
The statute further provides:
 No such plan shall be recorded or filed by the town clerk . . . until its approval has been endorsed thereon by the chairman or secretary of the commission, and the filing or recording of a subdivision plan without such approval shall be void.
The defendants claim that there is no provision for an appeal from the signing of a map or its recording.
Appeals from an administrative agency or board exist only under statutory authority, and unless a statute provides for an appeal, the court lacks jurisdiction. Allied Plywood, Inc. v.Planning Zoning Commission, 2 Conn. App. 506, 509 (1984).
Section 8-8(2)(b) provides: CT Page 14060
 [A]ny person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process within fifteen days from the date that notice of the decision was published as required by the general statutes.
The question is whether the signing of the map by Diane Taylor and recording that map on the land records, represent "decisions" of the Redding Planning Commission, which are subject to appeal.
The court believes that these are not appealable decisions.
The clear language of § 8-25 indicates that the filing of a map is not the responsibility of the planning commission. The map must instead be "filed or recorded by the applicant."
Therefore, recording is not an act of the commission, but an action by the applicant following favorable commission action.
In this case, the Redding Planning Commission approved the settlement agreement on April 14, 1998.
The record does not reveal if the decision to approve the settlement agreement was published following the April 14, 1998 vote.
The role of the commission chair or secretary is to "endorse" the approval of the commission on the face of the map.
That "endorsement" does not constitute a decision of the Redding Planning Commission. It merely acknowledges an approval which was previously voted.
The signing of the map does not signify a new decision by the commission which would trigger a new appeal period.
It refers to actions already taken by the Redding Planning Commission. The statute does not require that the commission chair vote with the prevailing side in order to sign the map.
Therefore, the endorsing of the map by commission chair, Diane Taylor, is not a decision from which an appeal may be CT Page 14061 prosecuted.
Although dismissal of the plaintiffs' action is required, the court makes no determination concerning whether the April 14, 1998 action of the commission is a decision from which an appeal can be taken. Although the Appellate Court, in a decision prior to the adoption of § 8-8(n), held that a planning commission's decision to settle an appeal, absent bad faith, collusion or other improper conduct was not appealable. Sendak v.Ridgefield Planning Zoning Commission, 7 Conn. App. 238, 244
(1986), that issue is not presented on the facts before the court.
Nor is the issue of whether the planning commission is required to publish a notice of its April 14, 1998 vote approving the settlement agreement presented here. If notice is required and an agency does not publish a notice within the time period provided by statute, the agency's action is void. Akin v.Norwalk, 163 Conn. 68, 74 (1972); Bridgeport Bowl-O-Rama, Inc.v. Zoning Board of Appeals, 195 Conn. 276, 281 (1985).
Whether the map was properly filed while an appeal is pending in the Appellate Court is another issue not properly raised by way of this administrative appeal.
The motion to dismiss of the Redding Planning Commission is granted.
Radcliffe, J.