[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a matter that has come before the court by way of an CT Page 12991 appeal from a decision of the Planning and Zoning Commission of the Town of Oxford.
The plaintiff appellants Alvin J. MacBrien and Michael Rossi have appealed from the decision of the defendant Planning and Zoning Commission of the Town of Oxford denying the plaintiffs' applications for approval of a subdivision. The land in question straddles the border between the Towns of Oxford and Southbury. The only access to the property is through a public highway in the Town of Oxford known as Pope Road. It is proposed that all the improvements to the subdivision shall be in the Town of Oxford, therefore the Town of Southbury has declined any jurisdiction.
Public hearings were held relative to the application. In addition, there were working sessions or meetings held with a subcommittee of the Planning and Zoning Commission. Also present at these meetings were representatives of the Inland Wetlands Commission as well as various town officials. On November 6, 1997, the Board denied the application. The plaintiff was notified by regular mail on November 10, 1997 with notice of the denial being published in the local press on November 16, 1997. From this decision the plaintiffs have taken this appeal.
The basis for the plaintiffs' appeal is twofold. First, the plaintiff contends that the action of the defendant Board in denying their application was illegal, arbitrary and in abuse of its discretion. Secondly, they allege that the defendant failed to notify them of its decision by certified mail as required in Section 8-26 of the Connecticut General Statutes.
The defendant concedes that they failed to notify the plaintiff of their decision by certified mail within the statutory period required and that notice was sent by regular first class mail within the required time frame.
Section 8-26 as is pertinent to this question requires that: "Notice of the decision of the commission shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to any person applying to the commission under this section by its secretary or clerk . . . within fifteen days after such decision has been rendered . . ." Section 8-20 Connecticut General Statutes. It is obvious by the very fact that the plaintiff has taken this appeal that they had actual notice of the decision rendered by the Board. CT Page 12992
All of the cases that have come to the court's attention by either counsel or the court's research deal with either the lack of publication or improper application of the publication requirement.
"Appeals to courts from administrative agencies exist only under statutory authority. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provision by which it is created." Royce v. Freedom ofInformation Commission, 177 Conn. 584, 587 (internal citations omitted). "Such provisions are mandatory, and if not complied with render the appeal subject to abatement." id.
In the case of Akin v. Norwalk, 163 Conn. 68, the Planning Commission failed to publish the notice of its decision within the required time. Abutting owners who had actual notice of the decision filed a timely appeal, the court stated:
 The determination of whether the failure to publish the decision within ten days of the decision invalidates the action of the Council depends on whether the requirement is categorized as directory . . . or mandatory. It is of course difficult to lay down a general rule to determine in all cases when the provisions of a statute are merely directory and, when mandatory or imperative, but of all the rules mentioned, the test most satisfactory and conclusive is, whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to matters, material or immaterial — to matters of convenience or substance . . . In the determination. . . . as to whether or not a provision . . . is of the essence of the thing to be accomplished . . . significance is to be attached to the nature of the act the language and form in which the provision is couched . . . A careful application of these principles requires a conclusion that the publication provision is mandatory.
Akin v. Norwalk, supra, 72-73. CT Page 12993
The Court in Farr v. Eisen, 171 Conn. 512, 515 stated: :It is noteworthy that in Aiken the court held the approval of the subdivision plan to be void even though the aggrieved plaintiffs had actual knowledge of. the decision and could not have successfully argued that they were prejudiced by the absence of publication." In that instance, the court found the decision of the commission to be null and void. id.
The court finds the reasoning in Aiken and its progeny to be particularly applicable to the present case where the commission failed to use the appropriate form of notice in notifying the appellant who in this instance is the applicant himself. The decision of the commission is found to be null and void. The plaintiff has the right to submit a new application and to have it considered in accordance with the law.
Judgment may enter in accordance with the above.
THE COURT
CURRAN, J.