[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs, William A. Oppenheimer and Kathleen Oppenheimer, are the owners of property located at 186 Lonetown Road, Redding.
The defendants, Alfred Dietzel and Sharon Dietzel, are the former owners of a 14.84 acre parcel known as 9 and 14 Putnam Park Road, Redding, which parcel abuts 186 Lonetown Road.
The defendants, Redding Land Trust, Inc.; Neil R. Marcus, Trustee; Jennifer Estabrook and Virginia Estabrook, are the current owners of portions of the 14.84 acre parcel.
On March 11, 1997, Alfred and Sharon Dietzel applied to the defendant, Redding Planning Commission, for a four lot subdivision of 9 and 11 Putnam Park Road.
Public hearings were conducted on May 13, 1997, June 10, 1997, CT Page 1532 June 24, 1997 and July 8, 1997.
On June 24, 1997, the plaintiffs, William and Kathleen Oppenheimer, filed a notice of intervention with the commission, pursuant to § 22a-19 (a) of the Connecticut General Statutes.
On August 26, 1997, the Redding Planning Commission voted to deny the Dietzel's request for a four lot subdivision approving instead a two lot subdivision with conditions.
A legal notice of the action was published on September 4, 1997.
Alfred and Sharon Dietzel appealed from the decision of the commission as that decision related to the denial of proposed lots 1 and 4.
William and Kathleen Oppenheimer filed a pro se appearance in the appeal and a motion to intervene under § 22a-19a of the General Statutes, to which objection was made.
On April 14, 1998, while the Dietzels' appeal was pending, the Redding Planning Commission voted to approve a settlement agreement with Alfred and Sharon Dietzel.
The settlement agreement permitted a four lot subdivision.
On April 15, 1998, the settlement agreement was the subject of a hearing pursuant to § 8-8 (n)[1] of the General Statutes.
The settlement agreement was submitted jointly by counsel for the Redding Planning Commission and counsel for Alfred and Sharon Dietzel.
After the hearing, with court approval, the appeal was withdrawn.
On May 5, 1998, a motion to reopen was filed on behalf of the interveners, William and Kathleen Oppenheimer.
On July 6, 1998, the motion to reopen was denied, although the standing of William and Kathleen Oppenheimer as interveners was acknowledged.
Appeal of the denial of the motion to reopen was taken to the CT Page 1533 Appellate Court and is pending (AC 19063).
While Alfred and Sharon Dietzel were challenging the refusal of the Redding Planning Commission to approve their four lot subdivision proposal, William and Kathleen Oppenheimer appealed from a decision of the Redding Conservation Commission.
On August 5, 1997, the Redding Conservation Commission, sitting as the inland wetlands agency of the Town of Redding, voted to allow Alfred and Sharon Dietzel to conduct a regulated activity on portions of 9 and 11 Putnam Park Road.
That appeal was dismissed on November 18, 1998 (Docket No. CV97-0329020 S).
On August 19, 1998, the chairman of the Redding Planning Commission signed a resubdivision map generated after the commission approved the four lot settlement agreement.
William and Kathleen Oppenheimer filed an appeal of the signing of the map.
The court dismissed that appeal, holding that the recording and signing of a map was not an act of the commission from which an appeal could be taken (see Oppenheimer v. Planning Commission ofthe Town of Redding, 23 Conn. L. Rptr. 492 (1999)).
On August 21, 1998, Alfred and Sharon Dietzel conveyed portions of 9 and 11 Putnam Park Road to the defendants, Jennifer Estabrook, Virginia Estabrook, Neil R. Marcus, Trustee, and the Redding Land Trust.
William and Kathleen Oppenheimer bring this appeal claiming that the approval of the settlement agreement by the defendant, Redding Planning Commission, on April 14, 1998, was a decision of the commission, requiring publication, pursuant to §8-28[2] of the Connecticut General Statutes.
They further maintain that the creation of a four lot subdivision by the agreement approved on April 14, 1998, constituted a resubdivision of property requiring publication and notice pursuant to the provisions of § 8-26 of the Connecticut General statutes.
They also argue, in the alternative, that they are entitled to CT Page 1534 a declaratory judgment, holding that failure to publish notice of the settlement agreement vote, renders that agreement null and void.
All parties concede that the Redding Planning Commission did not cause to be published notice of its April 14, 1998 approval of the settlement agreement.
William and Kathleen Oppenheimer claim that this effectively prevented them from appealing from the approval of the four lot subdivision, pursuant to § 8-8 (b)[3] of the General Statutes.
The defendants argue that approval of the settlement agreement by the defendant, Redding Planning Commission, is not an appealable decision, and therefore did not require publication by the commission.
 APPROVAL OF THE SETTLEMENT AGREEMENT WAS A DECISION BY THE REDDING PLANNING COMMISSION
The initial question presented is whether the action of the Redding Planning Commission on April 14, 1998, approving the settlement agreement, constitutes an official action or decision of the commission, within the meaning of § 8-28 of the Connecticut General Statutes.
The defendants argue that approval of the agreement is not appealable because the settlement agreement was submitted for court approval pursuant to § 8-8 (n) of the Connecticut General Statutes.
The defendants also rely upon Sendak v. Ridgefield Planning Zoning Commission, 7 Conn. App. 238 (1986), claiming that approval of a settlement agreement is not an official action or decision of a planning commission from which an appeal can be prosecuted.
While Sendak does hold that a decision to settle litigation by stipulated judgment, on the facts presented, was not an official act of the planning commission; the court specifically held that the determination should be made based upon the facts of each individual case. Sendak v. Ridgefield Planning ZoningCommission, supra, 243, 244. CT Page 1535
The court sounded a note of caution, expressing concern for the integrity of the zoning process.
The opinion further contemplated a hypothetical situation in which a commission and an applicant could abuse and misuse the process by stipulating to a judgment as a tactical strategy designed to evade both judicial review and the scrutiny of potentially aggrieved neighbors. Sendak v. Planning ZoningCommission, supra, 243.
Although Sendak was decided prior to the adoption of § 8-8
(n), the protection of the interests of potentially aggrieved neighbors remains a legitimate concern.
Furthermore, Sendak was also decided prior to the passage of Public Act 89-356 (effective October 1, 1989), which provided a uniform appeals procedure under Connecticut General Statutes § 8-8 (b).
That section permits an aggrieved party to appeal from "any decision" of a municipal land use agency.
The concerns expressed by the Sendak court regarding the integrity of the zoning process and the need to maintain public confidence in the process, cannot be ignored, based upon the facts presented here.
Unlike Sendak, which involved many appeals over a seven year period, and ample opportunity for all parties to address the merits of the subdivision proposals, the four lot subdivision sanctioned by the settlement agreement has never been subjected to the appeal process.
Here, after a series of public hearings, an appeal was taken by the applicant when he obtained approval for only two lots rather than the four lots he was seeking.
The commission and the applicant agreed to permit a four lot subdivision without the opportunity for public discussion concerning the specifics of the agreement.
The commission was certainly permitted to discuss the settlement agreement in executive session pursuant to § 1-200
(B) of the General Statutes, because it involved pending CT Page 1536 litigation.
However, following the lawful executive session, and prior to a vote on the agreement, the document was not available for public inspection.
As part of the settlement agreement, the applicant agreed to the withdrawal of a federal court action which had named individual commissioners as defendants.
The defendants claim that the Oppenheimers were not deprived of their appeal rights because they could have appealed from the granting of the two lot subdivision.
This argument is not persuasive and fails to resonate.
Parties should not be required to initiate an appeal from a decision which they endorse, based upon the theoretical possibility that an agreement might be reached with which they disagree.
In fact, William and Kathleen Oppenheimer did file a notice of intervention in the appeal, pursuant to § 22a-19a of the General Statutes.
Although the commission was not required to conduct a second public hearing following receipt of the settlement agreement, its vote on the agreement clearly involved the exercise of judgment and discretion.
It cannot reasonably be argued that a vote which altered the status quo, and allowed for a four lot subdivision where only two lots had previously been authorized, was a ministerial or non-discretionary function.
Approval of the settlement agreement was neither advisory or preliminary to further commission action (see Sheridan v.Planning Board of the City of Stamford, 159 Conn. 1 (1969); EastSide Civic Assn. v. Planning Zoning Commission, 161 Conn. 558, (1971)).
Here, the April 14, 1998 commission vote had consequences not only for the parties to the agreement, but for potentially aggrieved abutting land owners. CT Page 1537
The court believes that the passage of Public Act 89-356, making applicable to land use agencies the language of § 8-8
(b) concerning the appeal of "any decision," casts serious doubt upon the continuing vitality of Sendak.
However, even assuming that the holding in Sendak applies here, the approval of the settlement agreement represents an official action or decision of the defendant, Redding Planning Commission, which is subject to appeal.
 AGGRIEVEMENT
Having determined that the approval of the settlement agreement by the Redding Planning Commission on April 14, 1998 was a decision of the commission and subject to appeal, it is now necessary to determine whether William and Kathleen Oppenheimer are aggrieved by the decision.
The plaintiffs own property which abuts the 14.84 acres known as 9 and 11 Putnam Park Road (Exhibit 1).
Section 8-8 (a)(1) defines an "aggrieved person" to mean:
 [A]ny person who owns land which abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board.
Because the plaintiffs have established statutory aggrievement by showing that their property abuts 9 and 11 Putnam Park Road, it is unnecessary to determine whether they can also demonstrate classical aggrievement. McNally v. Zoning Commission,225 Conn. 1, 8 (1993).
The plaintiffs, William and Kathleen Oppenheimer, are aggrieved by the approval of the settlement agreement by the Redding Planning Commission on April 14, 1998.
 FAILURE TO PUBLISH NOTICE OF THE APPROVAL OF THE SETTLEMENT AGREEMENT RENDERS THE DECISION NULL AND VOID
Although § 8-28 contains no specific penalties or sanctions for noncompliance, a statutory right of appeal requires strict compliance with the provisions creating it. Chestnut Realty, Inc.v. CHRO, 201 Conn. 350, 356 (1986); Bridgeport Bowl-O-Rama, Inc.CT Page 1538v. Zoning Board of Appeals, 195 Conn. 276, 283 (1985).
The requirement of publication is mandatory and not a matter of mere procedure or convenience. Farr v. Eisen, 171 Conn. 512, 515
(1976).
The purpose of § 8-28 is two-fold: (1) to give notice to interested parties of the decision; and (2) to commence the statutory period for appeal. Akin v. City of Norwalk,163 Conn. 68, 73 (1972).
In light of this statutory objective, the failure to publish proper notice in a timely fashion of any official action or decision renders that action or decision null and void. Cardozav. Zoning Commission, 211 Conn. 78, 81 (1989); RBF Associates v.Torrington Planning Zoning Commission, 18 Conn. L. Rptr. 591, 593 (1997).
Actual knowledge of a decision by a potentially aggrieved party will not vitiate the failure to publish timely notice.
Since the effect of the approval of the settlement agreement was to sanction a four lot subdivision instead of the two lots previously authorized, the notice requirement assumes even greater significance.
When acting on a proposed subdivision, should a commission fail to publish a timely notice within the period prescribed by statute, the proposed subdivider may salvage the decision by publishing notice within ten days thereafter. Section 8-26 of the Connecticut General Statutes.
Challenges to an agency's failure to publish notice in a timely fashion may be challenged by way of an appeal. Akin v. City ofNorwalk, supra; RBF Associates v. Torrington Planning ZoningCommission, supra.
It is therefore unnecessary to consider the plaintiffs' claims which have been raised by way of a declaratory judgment.
 ORDER
Because the failure to publish notice of the April 14, 1998 vote to approve the settlement agreement renders the decision null and void, the appeal of the plaintiffs, William and Kathleen CT Page 1539 Oppenheimer, is sustained.
It is further ordered that the settlement agreement, including any additions or corrections, be resubmitted to the defendant, Redding Planning Commission, and that the agreement be voted upon by the commission.
The commission is directed to publish timely notice of its decision in the manner provided by statute.
Should the settlement agreement be approved, either in the form previously voted upon or in an amended form, it is ordered that the agreement be presented for a hearing to be conducted pursuant to the provisions of § 8-8 (n) of the General Statutes.
Should a hearing be held, the plaintiffs, William and Kathleen Oppenheimer, may be heard in their capacity as interveners under § 22a-19a of the General Statutes, the status they enjoyed in the matter of Dietzel v. Redding Planning Commission
(CV97-0329267 S).
Radcliffe, J.