[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Annette B. Ammentorp, and her husband, Brian Sullivan, applied to the Newtown Planning Zoning Commission for a special exception (ROR 26).
The application sought authorization to operate an indoor horse riding ring, to board horses on the property, and to train riders.
The subject property is located at 5 Morgan Drive, Newtown, consists of 29.78 acres, and is located in a Farming and Residential (R-2 and R-1) Zone (ROR 9).
The plaintiff's proposal was submitted pursuant to § 4.06.900[1]
of the Newtown Zoning Regulations.
That section permits the boarding and training of horses as a permitted use, subject to the granting of a special exception in accordance with the standards contained in § 8-04 of the regulations.
It requires at least 20 acres, provided the stables or barns in which the horses are kept shall not have a capacity of more than two horses per acre.
The plaintiff's property contains 14 acres of suitable pasture area, allowing for a maximum of twenty-eight horses pursuant to § 4.06.900.
The special exception proposal calls for the construction of an indoor riding area 72 feet by 144 feet, a 36 foot by 48 foot extension of an existing horse barn, and a 12 foot by 60 foot pole barn stable.
A public hearing begun on April 15, 1999 (ROR 1), was continued on May 20, 1999 (ROR 2), at which time it was closed.
The proposed generated intense neighborhood opposition, including an intervention petition filed pursuant to § 22a-19 of the Connecticut General Statutes. CT Page 6927
Written protests were filed (ROR 30 and 32) by residents of an immediate area.
The commission determined, pursuant to § 8.04.600[2] of the Newtown Zoning Regulations, that the affirmative votes of four members of the commission was required for approval of the special exception.
This provision is similar to § 8-3 (b)[3] of the Connecticut General Statutes, relating to proposed changes of zone.
At the June 3, 1999 commission meeting, two commissioners (Koch and Boyan) voted in favor of a motion to disapprove the special exception, while three commissioners (Fogliano, Taylor and Dean) voted in opposition to the motion to disapprove.
Applying the super-majority standard of § 8.04.600, the plaintiff's special exception application was denied.
The decision was published on June 11, 1999 (ROR 8).
The plaintiff appeals, arguing that the 20 percent requirement of § 8.04.600 was not met, and that only the vote of a simple majority of the commission was necessary to approve her special exception application.
The plaintiff requested and received, pursuant to § 8-8 (k)(2)[4]
of the General Statutes, an opportunity to present evidence outside the record concerning the validity of the commission's finding that the owners of 20 percent of the land subject to § 8.04.600, had objected to the special exception proposal.
Evidence was presented at a February 28, 2000 hearing, limited to the issue of whether the 20 percent threshold had been satisfied.
At the hearing, a map prepared by Alan Shepard (Exhibit 2) was introduced showing portions of all parcels within 500 feet of the property which is the subject of the special exception application.
Exhibit 2 reveals 79.0 acres within 500 feet of the subject property, of which 4.5 acres consists of roads.
It is agreed that the total acreage, after roads are subtracted, is 74.526 acres.
Therefore, the 20 percent figure which must be obtained in order for the super majority standard to apply is 14.905 acres. CT Page 6928
The plaintiff does not contest the validity of protest petitions received from the following property owners, encompassing 14.218 acres:
Owner Address Acreage
Clark 14 Stone Gate Drive 2.220 Maurer 12 Stone Gate Drive 2.153 Conway 10 Stone Gate Drive 2.142 Sapienza 6 Stone Gate Drive 2.021 Parker 4 Stone Gate Drive 2.015 Sippin 2 Stone Gate Drive 1.821 Fallon 41 Jeremiah Drive .991 Abraham 3 Stone Gate Drive .676 Thibdeau 56 Jeremiah Drive .179
TOTAL ACREAGE 14.218
Therefore, if land totaling .687 acres of the contested parcels was the subject of a valid protest, the 20 percent standard is satisfied.
The plaintiff contests the validity of the following protest petitions:
Owner Address Acreage
Berk 1 Sweetbriar Lane 1.323 Buttner 62 Jeremiah Drive .500 Capossela 54 Jeremiah Drive .207 Gross 47 Jeremiah Drive 2.561 Arancio Collord 17 Sweetbriar Lane 1.281 Brownell Rabinowitz 30 Alpine Circle .883 Devaney 9 Sweetbriar Lane .958 King 45 Jeremiah Drive 1.020
Three of the contested parcels, those owned by Berk, Capossela and Buttner, involved one spouse signing the name of the other spouse on a protest petition.
The parties agree that the property at 47 Jeremiah Drive, owned by Gross, should not be included, and that the plaintiff's objection to that petition is well taken.
Testimony was received for the purpose of determining the validity of the protest petitions which were challenged by the plaintiff
However, before determining whether the super-majority requirement applies, it should be noted that the three to two vote of the defendant commission, concerning the motion to disapprove, demonstrates that a CT Page 6929 majority of the commission favored the granting of the special exception.
However, since no publication of any approval of the special exception was published pursuant to § 8-28[5] of the General Statutes, the period within which to appeal that decision never began to run.
Therefore, should the plaintiff prevail in this appeal, remand to the commission for purposes of publication is the proper remedy.
The publication requirement of § 8-28 is mandatory, and a failure to publish renders a decision void. Bridgeport Bowl-O-Rama, Inc. v.Zoning Board of Appeals, 195 Conn. 276, 282 (1985); Akin v. Norwalk,163 Conn. 68, 74 (1972); Farr v. Eisen, 171 Conn. 512, 515 (1976).
 AGGRIEVEMENT
The plaintiff is the owner of the property which is the subject of the request for a special exception.
Aggrievement is a jurisdictional matter and a prerequisite for maintaining an appeal. Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 307 (1991). The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission, 156 Conn. 505,508 (1968).
A party claiming aggrievement must satisfy a well established two-fold test for classical aggrievement: (1) he must show that he has a specific personal and legal interest in the subject matter of the decision, as distinct from a general interest such as concern of all members of the community as a whole; and (2) he must show that his specific personal and legal interest has been specifically and injuriously affected by the action of the commission. Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43,47 (1984); Hall v. Planning Commission, 181 Conn. 442, 444 (1980).
Ownership of the property demonstrates a specific personal and legal interest in the subject matter of the decision. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 530 (1987).
The refusal of the commission to approve the application for a special exception has specifically and injuriously affected the plaintiff's interest.
Annette Ammentorp is therefore aggrieved by the decision of the defendant, Planning Zoning Commission of the Town of Newtown.
 VALID PROTESTS WERE FILED BY 20 PERCENT OF THE
CT Page 6930 LOT OWNERS WITHIN 500 FEET OF THE PROPERTY FOR WHICH THE SPECIAL EXCEPTION IS SOUGHT
Lawrence and Maureen Berk, joint owners of 1.323 acres located at 1 Sweetbriar Lane, testified regarding the protest petition.
Lawrence Berk stated that he signed both names to the petition in the presence of his wife.
Maureen Berk, who was holding something in her hands at the time, stated that she expressly authorized her husband to sign both names.
The plaintiff argues that all of the owners of a parcel must sign their own name, or the protest as to that parcel is invalid.
That argument is not persuasive.
Unlike § 8-3 (b) of the Connecticut General Statutes, which states that a protest petition must be "signed" by property owners, the Newtown Regulation § 8.04.600, merely requires that the owners "object . . . in writing" to the proposal.
This case is not controlled by Ball v. Town Plan Zoning Commission,146 Conn. 397 (1959), where a son, who was authorized to sign his father's name to a protest, signed his own name instead.
Here, Lawrence Berk was authorized to sign his wife's name along with his own, and he did so in the presence of Maureen Berk.
His action was clearly authorized and ratified by Maureen Berk.
In Civitello v. Milford Planning Zoning Board, et al., 1990 WL 289549 (Sequino, J.), the court allowed the authorized and ratified signature of one co-owner spouse, where the signature was authorized by the non-signing spouse.
Civitello concerned a change of zone, and construed the language of § 8-3 (b).
Although not concerned with the precise issue presented here, the Connecticut Supreme Court has implied that an individual may sign a protest petition, either individually, or through an agent. Warren v. Borawski,130 Conn. 676, 682 (1944).
The power to act through an agency is permitted on the facts presented, particularly in light of the wording of the regulation, which requires a CT Page 6931 protest to be "in writing," but does not mandate that it be "signed" by the property owner.
Wayne Buttner was not actually present when his wife signed both names to the petition, although he was on the property, and testified that the signature expressed his wishes.
Anthony Capossela, by affidavit (Exhibit A), stated that the signing of two names by his wife, Diane Capossela, represented his intentions.
It is therefore found that the protest petitions regarding 1 Sweetbriar Lane (Berk), 62 Jeremiah Road (Buttner), and 54 Jeremiah Road (Capossela), were valid protests, and should be counted in computing the 20 percent requirement.
Because the Berk property, individually, is sufficient to meet the 20 percent standard, it is not necessary to decide whether the signature of one co-tenant is sufficient in the absence of the name of the other co-tenant appearing on the protest petition.
The better rule would seem to require that both names appear on the petition. Ball v. Town Plan Zoning Commission, supra, 402-03.
The commission properly applied the provisions of § 8.04.600, thus requiring the affirmative vote of four commissioners in order to approve the requested special exception.
 STANDARD OF REVIEW
Having determined that the commission properly applied the super-majority standard found in § 8.04.600, it becomes necessary to consider the plaintiff's claim that the decision of the commission is not supported by the record.
When acting upon an application for a special permit, a planning and zoning commission acts in an administrative capacity, rather than in a legislative or quasi-judicial capacity. A.P. W. Holding Corporation v.Planning Zoning Board, 167 Conn. 182, 184-85 (1974); Farina v. ZoningBoard of Appeals, 157 Conn. 420, 422 (1969).
The term "special exception" is interchangeable with that of "special permit." Beckish v. Planning Zoning Commission, 162 Conn. 11, 15
(1971); § 8-3c of the Connecticut General Statutes.
A special exception allows a property owner to use property in a manner which is expressly permitted by the zoning regulations. CT Page 6932
A permit must be obtained, however, because the nature of the use is such that its exact location and its operation must be individually regulated, due to the unique topography, traffic problems, and neighboring uses of the site. Barberino Realty Development Corporationv. Planning Zoning Commission, 222 Conn. 607, 612 (1992); Whisper WindDevelopment Corporation v. Planning Zoning Commission, 32 Conn. App. 515,519 (1993).
The special permit process is not purely ministerial, and the commission, in its discretion, may determine whether general standards in the regulations have been met. Irwin v. Planning Zoning Commission,244 Conn. 619, 627 (1998).
Enumerated general considerations such as public health, safety and welfare, may form the basis for the denial of a special permit. WhisperWind Development Corporation v. Planning Zoning Commission, 229 Conn. 176,177 (1994).
The commission may properly consider issues which would impact the surrounding neighborhood. Barberino Realty Development Corporation v.Planning Zoning Commission, supra, 613.
When acting on a special permit or special exception application, the commission is endowed with liberal discretion, and its action is subject to review by a court only to determine whether it is unreasonable, arbitrary, or illegal. Schwartz v. Planning Zoning Commission,208 Conn. 146, 152 (1988).
 THE COMMISSION'S ACTION FINDS SUPPORT IN THE RECORD
Because a minority of the commissioners present and voting were on the prevailing side of the decision, no official reasons for the commission's decision received majority support.
However, both Commissioner Koch and Commissioner Boylan, the two commissioners voting in favor of the motion to disapprove, stated their reasons for opposing the application (ROR 83).
Commissioner Koch stated that certain requirements of § 8.04 were not satisfied by the special exception application, and Commissioner Boylan stated that the proposed expansion was not in keeping with the immediate neighborhood.
Where a commission has stated its reasons for the record, a court is charged with determining whether any one of the assigned reasons is CT Page 6933 reasonably supported by the record. Zieky v. Bloomfield Town Plan Zoning Commission, 151 Conn. 265, 267-68 (1963).
The failure of a commission to state formal reasons requires a court to search the entire record to find a basis for the commission's decision.Parks v. Planning Zoning Commission, 178 Conn. 657, 661-62 (1979).
A search of the entire record and an examination of the reasons stated by the two commissioners on the prevailing side, reveals that the reasons advanced by Commissioner Koch and Commissioner Boylan find support in the record.
The commission's decision is consistent with the applicable regulations.
Section 8.04.730 provides that the proposed use "shall not substantially impair property values in the neighborhood."
Section 8.04.701 declares "the proposed use shall be in harmony with the general character of the neighborhood."
The commission was fully justified in determining that a commercial enterprise, dedicated to the boarding of horses, and the training of horses and riders, was incompatible with the residential character of the surrounding neighborhood, and that residential property values might be impaired as a result,
The commission, in its discretion, could have credited the testimony of the neighbors and their representatives in determining that the intensity of the proposed use warranted denial of the special exception application.
The plaintiff's appeal, from the refusal of a super-majority of the commission to approve her special exception application, is dismissed.
Radcliffe, J.