WILLIAM H. WILSON *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF EAST
GRANBY ET AL.
(AC 17796)

Landau, Schaller and Dupont, Js.

---

Argued November 5, 1998—officially released May 11, 1999

*Donald R. Holtman,* for the appellants (defendants).

*Fatima T. Lobo,* for the appellee (plaintiff).

### Opinion

SCHALLER, J. The defendants, the planning and zoning commission of the town of East Granby (commission) and the East Granby town clerk, appeal from the judgment of the trial court rendering a change of zone null and void. The sole issue on appeal is whether General Statutes § 8-3 (d) requires the zone change to be voided because the commission failed to publish proper notice of its decision prior to the effective date fixed by the commission. We reverse the judgment of the trial court and remand the case for the purpose of fixing a new effective date in accordance with § 8-3 (d).

The following facts and procedural history are relevant to this appeal and are not in dispute. On April 2, 1996, the commission voted to approve its own application to change the zone of several contiguous parcels of land from agricultural to industrial. The commission designated April 11, 1996, as the effective date for the change. At the commission's direction, publication of the notice of zone change appeared in a newspaper on April 11, 1996, the effective date fixed by the commission.

The plaintiff, an owner of one parcel affected by the zone change, appealed to the Superior Court,[1] claiming, inter alia, that the commission's failure to publish notice of its decision to change the zone prior to the effective date rendered the decision void. The trial court sustained the appeal on the basis of the commission's failure to publish notice prior to the effective date and remanded the case to the commission with direction to vacate the zone change.[2] Thereafter, the commission brought this certified appeal.

Section § 8-3 (d) provides in relevant part: "Zoning regulations or boundaries or changes therein shall become effective at such time as is fixed by the zoning commission, provided a copy of such . . . change shall be filed in the office of the town, city or borough clerk, as the case may be . . . and notice of the decision of such commission shall have been published in a newspaper having a substantial circulation in the municipality before such effective date. In any case in

[1] The appeal was taken pursuant to General Statutes § 8-8 (b), which requires the taking of an appeal within fifteen days after publication of notice.

[2] The judgment remanding the case to the commission is a final judgment because the judgment did not require the commission to make further evidentiary determinations. Because the commission on remand has no discretion as to whether to vacate the zone change, further proceedings would not affect the rights of the parties. *Kaufman* v. *Zoning Commission*, 232 Conn. 122, 129–30, 653 A.2d 798 (1995).

which such notice is not published within the fifteen-day period after a decision has been rendered, any applicant or petitioner may provide for the publication of such notice within ten days thereafter."

"A zoning ordinance is a local legislative enactment . . . ." (Internal quotation marks omitted.) *Harlow* v. *Planning & Zoning Commission*, 194 Conn. 187, 193, 479 A.2d 808 (1984). "The fundamental rule relating to municipal legislation is that an ordinance must be enacted in the manner provided by law. . . . The rule applicable to . . . municipal bodies is that when the mode in which their power is to be exercised is prescribed . . . that mode must be followed." (Internal quotation marks omitted.) *Jack* v. *Torrant*, 136 Conn. 414, 419, 71 A.2d 705 (1950). This means that compliance with the provisions of § 8-3 (d) is a prerequisite to any valid zone change. Since § 8-3 (d) requires the commission to publish notice before the effective date fixed by the commission, a zone change cannot be validly enacted into law until the commission complies with the statutory mandate. Because the commission failed to carry out the statutory mandate to publish notice before the effective date fixed by the commission, the enactment is not effective. This, however, does *not* conclude our inquiry. We must next consider whether the commission's failure to publish notice before the effective date renders its decision to change the zone null and void.

In concluding that the commission's action was null and void, the trial court determined that the requirement that notice be published prior to the effective date fixed by the commission was mandatory. The trial court based its decision on the language of § 8-3 (d) and our Supreme Court's decision in *Farr* v. *Eisen*, 171 Conn. 512, 370 A.2d 1024 (1976). The trial court reasoned that publication prior to the effective date was mandatory because "[t]he order of the publication followed by

[the] effective date is the essence of the purpose to be accomplished by § 8-3 (d)." The trial court recognized that the presence of the word "shall" in a statute is significant, but not dispositive. The trial court noted that in *Angelsea Productions, Inc.* v. *Commission on Human Rights & Opportunities*, 236 Conn. 681, 690, 674 A.2d 1300 (1996), our Supreme Court stated that "the use of the word 'shall,' though significant, does not *invariably* establish a mandatory duty." (Emphasis in original.) The trial court recited the test used in *Angelsea Productions, Inc.*, as follows: "The test we have adopted for determining whether such a statutory requirement is mandatory or directory is whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to matter material or immaterial—to matters of convenience or of substance. . . . If it is a matter of convenience, the statutory provision is directory; if it is a matter of substance, the statutory provision is mandatory. . . . *Oller* v. *Oller-Chiang*, 230 Conn. 828, 838–39, 646 A.2d 822 (1994). Stated another way, language is deemed to be mandatory if the mode of action is of the essence of the purpose to be accomplished by the statute; *LeConche* v. *Elligers*, 215 Conn. 701, 710, 579 A.2d 1 (1990); but will be considered directory if the failure to comply with the requirement does not compromise the purpose of the statute." (Internal quotation marks omitted.) *Angelsea Productions, Inc.* v. *Commission on Human Rights & Opportunities*, supra, 690.

The commission argues that the purpose of the notice publication requirement is to provide constructive notice to the public, particularly to persons who may be aggrieved by the decision and want to pursue an appeal. The commission contends that those purposes have been fully served because publication has been accomplished. Thus, the statute should be interpreted

to mean simply that the effective date cannot occur until after publication.

The commission further argues that it has the discretion under the statutory scheme to fix the effective date whenever it chooses and, therefore, one date is essentially as good as another. The commission maintains that, while the requirement of publication is mandatory to establish notice of appeal rights, the time for publication is directory except that it must take place before a valid effective date can be established. The key date is the date of publication, which provides notice to the public and establishes the appeal time period. Neither the date of decision nor the effective date of the commission decision has such significance.

The commission also argues that, in order to give meaning to the final sentence of § 8-3 (d), its argument must prevail. The commission contends that the final sentence contemplates the situation where the commission fails to publish notice at all and therefore fails to carry out its statutory mandate. In that event, any applicant or petitioner may provide for publication and, presumably, facilitate the valid enactment of a zone change. Consistent with this reasoning, the commission contends that we should either determine that the effective date is a date immediately following the actual publication date in this case or that we should remand the case to the commission with instructions to fix a new effective date. Under this reasoning, there would be no basis to void the commission's entire decision to change the zone.

The plaintiff relies on the decisions of our Supreme Court in *Akin* v. *Norwalk*, 163 Conn. 68, 301 A.2d 258 (1972), *Hyatt* v. *Zoning Board of Appeals*, 163 Conn. 379, 311 A.2d 77 (1972), and *Farr* v. *Eisen*, supra, 171 Conn. 512, for its argument that the failure to comply strictly with the publication requirement automatically

voids the action. The plaintiff correctly recites the holdings of these cases; they are, however, distinguishable from the present case.

*Akin* involved the late publication of the notice of an approval of a subdivision that was provided for by General Statutes § 8-28. According to those statutes, a subdivision approval becomes effective immediately upon the action of the commission. In that instance, publication is required to provide notice for persons claiming to be aggrieved and who want to appeal. The failure to publish in a timely fashion in that case affected the appeal rights of those who might want to challenge an already effective action. Our Supreme Court concluded that the subdivision approval had become effective on the date of the commission's decision and held that the requirement of publication within ten days was mandatory and the failure to publish timely notice invalidated the commission's action. In *Hyatt*, the Supreme Court relied on its decision in *Akin* to indicate, as an alternate ground for affirmance, that similar language requiring publication within ten days following a zoning board of appeals decision was mandatory. In *Farr*, the Supreme Court again relied on its analysis in *Akin* to hold that a commission's decision denying approval of a subdivision plan was invalid for failure to publish notice of its decision within the statutory time period. Once again, the commission's action had been effective upon the decision and the publication was necessary to provide notice to the public and to define the appeal period.

In *Akin*, *Hyatt* and *Farr*, unlike in the present case, the publication of notice was unmistakably "the essence of the thing to be accomplished." (Internal quotation marks omitted.) *Akin* v. *Norwalk*, supra, 163 Conn. 72. The purpose of notice in those cases was twofold: (1) to notify the public of a decision that had already become effective, and (2) to commence the start of the appeal

period for persons who wanted to challenge the action. Id., 73. In those cases, the defective action of the zoning authorities was a matter of substance rather than mere convenience. In the present case, we agree with the trial court and the plaintiff that publication of notice was mandatory. We disagree, however, that the publication of notice *prior to the effective date* was mandatory.

Publication of notice prior to the effective date fixed by the commission is not of the essence of the purpose to be accomplished by § 8-3 (d). Our Supreme Court stated in *Akin* that "[i]n the determination . . . as to whether or not a provision . . . is of the essence of the thing to be accomplished . . . significance is to be attached to the nature of the act . . . the language and form in which the provision is couched." (Internal quotation marks omitted.) Id., 72–73. In this regard, we note that to give meaning to the final sentence of § 8-3 (d), we must find the statutory mandate to be directory. Again, we note that the last sentence of § 8-3 (d) contemplates a situation in which the commission fails to publish any notice and therefore fails to carry out its statutory mandate. In that event, the statute permits any applicant or petitioner to provide for publication and, presumably, to facilitate the valid enactment of a zone change. If we were to hold otherwise, the last sentence of § 8-3 (d) would be rendered meaningless. Specifically, if we were to hold that publication of notice prior to the effective date was mandatory, an applicant would be precluded from publishing notice and thus facilitating the valid enactment of a zone change because the underlying action would be null and void. We cannot say that the legislature intended such a result.

Furthermore, we note that § 8-3 (d) allows the commission to fix the effective date without restriction; in

other words, that determination is within the commission's discretion. Because the fixing of a specific effective date is discretionary, the date of notice is therefore also discretionary. There is no provision within the statute whereby the action of the commission fails unless a specific date is fixed or unless notice occurs within a certain time period following the action. The statutory language prescribing those actions, therefore, is directory rather than mandatory, and we cannot say that the legislature intended that the commission's action should be voided upon the nonoccurrence of either event at any particular time.

In view of the language of § 8-3 (d), it seems clear that, while publication is unmistakably required, the language providing for publication prior to the effective date fixed within the commission's discretion is directory. Therefore, the defect in publishing notice prior to the effective date does not void the commission's decision and can readily be corrected. See *Nielson* v. *Zoning Commission*, 149 Conn. 410, 411–12, 180 A.2d 754 (1962); *Woodford* v. *Zoning Commission*, 147 Conn. 30, 31–32, 156 A.2d 470 (1959).

We note that in *Akin*, our Supreme Court held that the "pro forma reapproval" of the subdivision plan by the commission in that case was not valid.[3] *Akin* v. *Norwalk*, supra, 163 Conn. 75. In *Akin*, because the original approval became effective and notice was not published within the following ten day period, correction of the publication was possible without reapproval.

---

[3] The commission notes that a leading treatise on land use law in Connecticut, T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992) p. 490, comments: "*Akin*'s refusal to allow the commission to correct its oversight is unnecessarily harsh and formalistic, and really penalizes the applicant for the commission's error. The legislature has since provided that if the commission fails to publish the notice of the decision, the applicant has ten days after the commission's fifteen day period within which to publish the notice."

In the present case, although the commission's decision to change the zone did not become effective, it could become effective when the notice is properly published. Therefore, no reapproval is necessary because the time for publishing notice has not expired. The commission originally could have fixed the effective date at any time following its decision to change the zone and, accordingly, may now fix a new effective date. For the commission's decision to change the zone to be validly enacted into law, however, it must comply with the statutory mandate and publish notice before the fixed effective date. The substance of the commission's action is not affected.[4]

The judgment is reversed and the case is remanded to the trial court with direction to render judgment remanding the case to the commission for the purpose of fixing a new effective date pursuant to § 8-3 (d) and to publish another notice prior to the new fixed effective date.

---

[4] We note additionally the ease with which the defect can be corrected. We see no reason to void the commission's entire decision to change the zone. To do so would be unnecessarily technical and formalistic.