[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON BILL OF COSTS AS TO THOMAS J. STEVENS, M.D.
Having considered this matter further, including a review of the written submissions of counsel, I conclude that pursuant to the plain language of Section 52-260 (f) the award of a reasonable witness fee for Thomas Stevens, M.D., who testified as an expert witness in this case, is mandatory, e.g., the essence of the purpose of the statute. Angelsea Productions. Inc. v.Commission on Human Rights and Opportunities, 236 Conn. 681,688-691 (1996); Wilson v. Planning and Zoning Commission,53 Conn. App. 182, 186 (May 11, 1999). See also Ruth W. Brown v.Richard C. Sheinbaum, Superior Court at Stamford, No. CV-88-0093146S (June 19, 1991).
Consequently, the ruling of May 4, 1999, disallowing any costs for Dr. Stevens is vacated. The Court hereby orders costs to enter in the amount of $600.00 in connection with Dr. Stevens. Counsel are also referred to the discussion of fees and costs contained in the recent Supreme Court decision in the matter ofCity of Danbury v. Dana Investment Corporation/Lot Number, SC 15878 (May 25, 1999), in which Chief Justice Callahan notes that "It is elementary that, whether fees and costs are a matter of right or discretion, they ordinarily are awarded to the party that prevails in the case . . ."
Douglas S. Lavine Judge, Superior Court CT Page 7313