[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, William H. Wilson, appeals from a decision of the defendant, the zoning commission of the town of East Lyme (commission), amending the town's zoning ordinances. The commission acted pursuant to General Statutes § 8-3. The plaintiff appeals pursuant to General Statutes § 8-8.
 Procedural History
Notice of the commission's approval of the amendment was published in the New London Day on August 11, 1999. (Return of Record [ROR], Item 55.) The plaintiff served the commission by leaving the appeal papers in the hands of Esther Williams, the East Lyme town clerk, and in the hands of Paul Formica, chairman of the commission on August 25, 1999. (Sheriff's Return.) The appeal was filed with the clerk of the Superior Court on August 31, 1999, and the commission filed an answer on January 4, 2000. The commission filed the return of record on December 30, 1999, and an amendment to the return of record on February 3, 2000. The parties both filed briefs. The appeal was heard by the court, McLachlan, J., on April 23, 2001.
 Facts
The commission filed an application to amend the zoning regulations of the town of East Lyme by deleting the existing § 2A and replacing it with a new § 2A, creating a new zoning classification known as RU-200 Greenway Conservation District. (Appeal, par. 2; Answer, par. 2.) On July 8, 1999, the commission held a public hearing on the application. (Appeal, par. 3; Answer, par. 3.) On July 29, 1999, the commission approved the amendment. (Appeal, par. 4; Answer, par. 4.) The transcript of the July 29, 1999 meeting indicates that the approval of the amendment transpired as follows:
 Weber Move to approve the East Lyme zoning commission proposal to amend Section 2A (RU-120 District) of the Zoning Regulations by deleting the existing Section and adding new Section 2A-RU-200 Greenway Conservation District . . . for the reasons that the approval conforms to the East Lyme Plan of Development and the approval action is in keeping with the authority granted to the Commission in Section 8-2 of Chapter 124 of the Connecticut General Statutes. CT Page 10145
 Price Second.
 Formica Motion has been made to approve. Seconded by Mr. Price. Any discussion? All those in favor say, `yea.' Opposed? Motion carries unanimously.
 Mulholland Effective upon publication, Mr. Chairman.
Formica Yes, sir.
Mulholland Thank you.
(ROR, Item PP.)
The plaintiff challenges the commission's approval of the amendment on two grounds. First, the plaintiff contends that the commission improperly made the amendment effective upon publication, rather than fixing a specific date after publication on which the amendment would become effective. Second, the plaintiff contends that the amendment is invalid because the effective date was established by the chairman of the commission alone, instead of by a vote of the commission.
 Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). "The jurisdictional requirement of aggrievement serves both practical and functional purposes in assuring that only those parties with genuine and legitimate interests are afforded an opportunity to appeal. Aggrievement falls within two broad categories, classical and statutory. . . . A party has been classically aggrieved if it successfully demonstrates a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as the concern of all members of the community as a whole, and successfully establishes that this specific, personal and legal interest has been specially and injuriously affected by the decision." (Citation omitted.)Zoning Board of Appeals v. Planning Zoning Commission, 27 Conn. App. 297,300-301, 605 A.2d 885 (1992).
"Statutory aggrievement exists by legislative fiat, which grants appellants standing by virtue of a particular legislation, rather than by judicial analysis of the particular facts of the case." Id., 301. In an appeal from a municipal zoning commission pursuant to General Statutes § 8-8, "aggrieved person' includes any person owning land that abuts CT Page 10146 or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a) (1).
In the present case, the plaintiff has alleged that he is the owner of six parcels of land located on Quarry Dock Road in East Lyme. (Appeal, par. 1.) The plaintiff has further alleged that, as the owner of property subject to the commission's decision, he is aggrieved. (Appeal, par. 7.) At the hearing before this court, the plaintiff testified that he owns the six parcels mentioned above and that the parcels are located within the zone affected by the commission's decision. Although the plaintiff did not submit copies of the deeds, the uncontradicted testimony of the plaintiff is sufficient to prove ownership for the purpose of establishing aggrievement in a zoning appeal. Farr v. Zoning Board of Appeals,139 Conn. 577, 582-83, 95 A.2d 792 (1953). When, as in the present case, an amendment to the zoning regulations affects only a particular zone, the owners of property within that zone are classically aggrieved. TimberTrails Corp. v. Planning Zoning Commission, 222 Conn. 374, 376 n. 3,610 A.2d 617 (1992); Lewis v. Planning Zoning Commission,62 Conn. App. 284, 291 n. 8, 771 A.2d 167 (2001) and accompanying text. Furthermore, the plaintiff is statutorily aggrieved because as a "person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board," he is within the definition of "aggrieved person" as defined in General Statutes § 8-8 (a)(1).
 Timeliness of the Appeal and Service
An appeal from a decision of a municipal zoning commission must be commenced within fifteen days of the date that notice of the commission's decision is published. General Statutes § 8-8 (b). In the present case, the notice of decision was published in the New London Day on August 11, 1999 and the sheriff's return indicates that service was made on the commission August 25, 1999. The commission was therefore timely served in compliance with § 8-8 (b).
 Discussion
The plaintiff does not attack as unreasonable any conclusion reached by the commission. The plaintiff's appeal is based solely on his contention that the commission's procedural errors constitute violations of General Statutes § 8-3 (d), and that the amendment is therefore invalid. "The fundamental rule relating to municipal legislation is that an ordinance must be enacted in the manner provided bylaw. . . . The rule applicable to . . . municipal bodies is that when the mode in which their power is to be exercised is prescribed . . . that mode must be followed. . . . CT Page 10147 This means that compliance with the provisions of § 8-3 (d) is a prerequisite to any valid [enactment]." (Citations omitted; internal quotation marks omitted.) Wilson v. Planning Zoning Commission,53 Conn. App. 182, 185, 729 A.2d 791, cert. granted, 249 Conn. 927,733 A.2d 850 (1999). This court therefore must decide whether the actions of the commission rendered the amendment invalid as a matter of law.
The plaintiff first claims that the commission, by making the amendment effective upon publication, violated the terms of General Statutes §8-3 (d). That subsection provides: "Zoning regulations or boundaries or changes therein shall become effective at such time as is fixed by thezoning commission, provided a copy of such regulation, boundary or change shall be filed in the office of the town, city or borough clerk, as the case may be, but, in the case of a district, in the office of both the district clerk and the town clerk of the town in which such district is located, and notice of the decision of such commission shall have beenpublished in a newspaper having a substantial circulation in the municipality before such effective date. In any case in which such notice is not published within the fifteen-day period after a decision has been rendered, any applicant or petitioner may provide for the publication of such notice within ten days thereafter." General Statutes § 8-3 (d). (Emphasis supplied.) According to the plaintiff, the notice of the amendment in the present case was not "published . . . before such effective date" as required by the statute.
The publication requirement of § 8-3 (d) was addressed by the Appellate Court in Wilson v. Planning Zoning Commission, supra,53 Conn. App. 182. In that case, the zoning commission approved a zone change and set an effective date of April 11, 1996. Notice of the zone change was published on the effective date. The Appellate Court concluded that "[b]ecause the commission failed to carry out the statutory mandate to publish notice before the effective date fixed by the commission, the enactment is not effective." Id., 185. The commission seeks to distinguish the present case on the ground that the amendment in this case became effective only at the moment of publication, whereas the zone change in the Appellate Court case would have become effective at the beginning of April 11, 1996. The commission argues that the policy behind § 8-3 (d) is that the effective date should not be set prior to publication, and that this policy is not violated under the circumstances of the present case, because the amendment became effective at the moment of publication, rather than before publication.
The court is not persuaded by the commission's argument. The position advanced by the commission ignores the fact that § 8-3 (d) requires that notice be published "before such effective date." (Emphasis added.) General Statutes § 8-3 (d). "When the words of a statute are clear CT Page 10148 and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance." (Internal quotation marks omitted.) Lauer v.Zoning Commission, 246 Conn. 251, 266, 716 A.2d 840 (1998). The clear and unambiguous language of § 8-3 (d) does not simply require publication before the moment when an amendment becomes effective; it requires publication before the effective date. In the present case, notice of the amendment was published on August 11, 1999. The change was to become effective upon publication, that is, on August 11, 1999. The notice was not published before the effective date of the amendment. In accordance with the Appellate Court's holding in Wilson v. Planning ZoningCommission, supra, 53 Conn. App. 182, the enactment is not effective. Id., 185.
In Wilson, the Appellate Court also discussed the proper remedy when a zoning authority fails to properly publish before the effective date: "In view of the language of § 8-3 (d), it seems clear that, while publication is unmistakably required, the language providing for publication prior to the effective date fixed within the commission's discretion is directory. Therefore, the defect in publishing notice prior to the effective date does not void the commission's decision and can readily be corrected. . . . [A]lthough the commission's decision to change the zone did not become effective, it could become effective when the notice is properly published. Therefore, no reapproval is necessary because the time for publishing notice has not expired. The commission originally could have fixed the effective date at any time following it decision to change the zone and, accordingly, may now fix a new effective date. For the commission's decision to change the zone to be validly enacted into law, however, it must comply with the statutory mandate and publish notice before the fixed effective date. The substance of the commission's action is not affected." (Citations omitted.) Id., 190-91. Accordingly, the present case should be remanded to the commission for the purpose of fixing a new effective date pursuant to § 8-3 (d) and to publish notice prior to the new fixed effective date.
The plaintiff's second ground for appeal is that the effective date of the amendment was set by the chairman of the commission, rather than by a vote of the commission. Because this case, as discussed above, must be remanded to the commission for the setting of a new effective date, the plaintiff's second ground for appeal is now moot, and will not be addressed by this court.
 Conclusion
The commission failed to publish notice of the amendment as required by General Statutes § 8-3 (d). Because the language of the statute is CT Page 10149 directory, however, the defect may be corrected by the commission. The appeal is therefore sustained and the case is remanded to the commission for the purpose of fixing a new effective date pursuant to § 8-3 (d) and to publish another notice prior to the new fixed effective date.
McLachlan, J.