[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, William H. Wilson, appeals from a decision of the defendant, the zoning commission of the town of East Lyme (commission), approving a zone change on certain real property. The commission acted CT Page 10139 pursuant to General Statutes § 8-3. The plaintiff appeals pursuant to General Statutes § 8-8.
 Procedural History
Notice of the commission's approval of the zone change was published in the New London Day on August 11, 1999. (Retum of Record [ROR], Item SS.) The plaintiff served the commission by leaving the appeal papers in the hands of Esther Williams, the East Lyme town clerk, and in the hands of Paul Formica, chairman of the commission on August 25, 1999. (Sheriff's Return.) The appeal was filed with the clerk of the Superior Court on August 31, 1999. The plaintiff filed a revised appeal on January 20, 2000 in response to a request to revise filed by the commission on January 4, 2000. The commission filed the return of record on December 30, 1999, and an answer and amendment to the return of record on February 3, 2000. The parties both filed briefs. The appeal was heard by the court, McLachlan, J., on April 23, 2001.
 Facts
The commission filed a proposal to change the zoning of a certain area of East Lyme known as the Oswegatchie Hills. (Revised appeal, par. 2; Answer, par. 2.) On July 8, 1999, the commission held a public hearing on the proposal. (Revised appeal, par. 3; Answer, par. 3.) On July 29, 1999, the commission approved the proposal. (Revised appeal, par. 4; Answer, par. 4.) The transcript of the July 29, 1999 meeting indicates that the approval of the zone change transpired as follows:
 Cone: I make a motion to approve the . . . East Lyme zoning commission proposal to rezone existing RU-120 Zoning District . . . to a RU-200 Greenway Conservation District. Reason for approval: conforms to the East Lyme Plan of Development and . . . the approval action is in keeping with the authority granted to the Commission in § 8-2 of Chapter 124 of the Connecticut General Statutes.
 Price: Second.
 Formica: Mrs. Cone made the motion; Mr. Price seconded. Any other discussion? All those in favor say `yea.' Opposed? Motion carries, unanimous. Effective upon publication.
(ROR, Item QQ.) CT Page 10140
The plaintiff challenges the commission's approval of the zone change on two grounds. First, the plaintiff contends that the commission improperly made the zone change effective upon publication, rather than fixing a specific date after publication on which the change would become effective. Second, the plaintiff contends that the zone change is invalid because the effective date was established by the chairman of the commission alone, instead of by a vote of the commission.
Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). "The jurisdictional requirement of aggrievement serves both practical and functional purposes in assuring that only those parties with genuine and legitimate interests are afforded an opportunity to appeal. . . . Aggrievement falls within two broad categories, classical and statutory. . . . A party has been classically aggrieved if it successfully demonstrates a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as the concern of all members of the community as a whole, and successfully establishes that this specific, personal and legal interest has been specially and injuriously affected by the decision." (Citation omitted.) Zoning Board of Appeals v. Planning Zoning Commission, 27 Conn. App. 297, 300-301, 605 A.2d 885 (1992).
"Statutory aggrievement exists by legislative flat, which grants appellants standing by virtue of a particular legislation, rather than by judicial analysis of the particular facts of the case." Id., 301. In an appeal from a municipal zoning commission pursuant to General Statutes § 8-8, "aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a) (1).
In the present case, the plaintiff has alleged that he is the owner of six parcels of land located on Quarry Dock Road in East Lyme. (Revised appeal, par. 1.) The plaintiff has further alleged that, as the owner of property subject to the commission's decision, he is aggrieved. (Revised appeal, par. 7.) At the hearing before this court, the plaintiff testified that he owns the six parcels mentioned above and that the parcels are located within the zone affected by the commission's decision. Although the plaintiff did not submit copies of the deeds, the uncontradicted testimony of the plaintiff is sufficient to prove ownership for the purpose of establishing aggrievement in a zoning appeal. Farr v. ZoningBoard of Appeals, 139 Conn. 577, 582-83, 95 A.2d 792 (1953). As an owner CT Page 10141 of land within the zone affected by the zoning change the plaintiff is classically aggrieved. Fletcher v. Planning Zoning Commission,158 Conn. 497, 502-503, 264 A.2d 566 (1969); see also Lewis v. Planning Zoning Commission, 62 Conn. App. 284, 291, 771 A.2d 167 (2001). Furthermore, the plaintiff is statutorily aggrieved because as a "person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board," he is within the definition of "aggrieved person" as defined in General Statutes § 8-8 (a)(1).
 Timeliness of the Appeal and Service
An appeal from a decision of a municipal zoning commission must be commenced within fifteen days of the date that notice of the commission's decision is published. General Statutes § 8-8 (b). In the present case, the notice of decision was published in the New London Day on August 11, 1999 and the sheriff's return indicates that service was made on the commission August 25, 1999. The commission was therefore timely served in compliance with § 8-8 (b).
 Discussion
The plaintiff does not attack as unreasonable any conclusion reached by the commission. The plaintiff's appeal is based solely on his contention that the commission's procedural errors constitute violations of General Statutes § 8-3 (d), and that the zone change is therefore invalid. "The fundamental rule relating to municipal legislation is that an ordinance must be enacted in the manner provided bylaw. . . . The rule applicable to . . . municipal bodies is that when the mode in which their power is to be exercised is prescribed . . . that mode must be followed. . . . This means that compliance with the provisions of § 8-3 (d) is a prerequisite to any valid zone change." (Citations omitted; internal quotation marks omitted.) Wilson v.Planning Zoning Commission, 53 Conn. App. 182, 185,729 A.2d 791, cert. granted, 249 Conn. 927,733 A.2d 850 (1999). This court therefore must decide whether the actions of the commission rendered the zone change invalid as a matter of law.
The plaintiff first claims that the commission, by making the zone change effective upon publication, violated the terms of General Statutes § 8-3 (d). That subsection provides: "Zoning regulations or boundaries or changes therein shall become effective at such time as isfixed by the zoning commission, provided a copy of such regulation, boundary or change shall be filed in the office of the town, city or borough clerk, as the case may be, but, in the case of a district, in the office of both the district clerk and the town clerk of the town in which CT Page 10142 such district is located, and notice of the decision of such commission shall have been published in a newspaper having a substantial circulation in the municipality before such effective date. In any case in which such notice is not published within the fifteen-day period after a decision has been rendered, any applicant or petitioner may provide for the publication of such notice within ten days thereafter." General Statutes § 8-3 (d). (Emphasis supplied.) According to the plaintiff, the notice of the zone change in the present case was not "published . . . before such effective date" as required by the statute.
The publication requirement of § 8-3 (d) was addressed by the Appellate Court in Wilson v. Planning Zoning Commission, supra,53 Conn. App. 182. In that case, the zoning commission approved a zone change and set an effective date of April 11, 1996. Notice of the zone change was published on the effective date. The Appellate Court concluded that "[b]ecause the commission failed to carry out the statutory mandate to' publish notice before the effective date fixed by the commission, the enactment is not effective." Id., 185. The commission seeks to distinguish the present case on the ground that the zone change in this case became effective only at the moment of publication, whereas the zone change in the Appellate Court case would have become effective at the beginning of April 11, 1996. The commission argues that the policy behind § 8-3 (d) is that the effective date should not be set prior to publication, and that this policy is not violated under the circumstances of the present case, because the zone change became effective at the moment of publication, rather than before publication.
The court is not persuaded by the commission's argument. The position advanced by the commission ignores the fact that § 8-3 (d) requires that notice be published "before such effective date." (Emphasis added.) General Statutes § 8-3 (d). "When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance." (Internal quotation marks omitted.) Lauer v.Zoning Commission, 246 Conn. 251, 266, 716 A.2d 840 (1998). The clear and unambiguous language of § 8-3 (d) does not simply require publication before the moment when a zone change becomes effective; it requires publication before the effective date. In the present case, notice of the zone change was published on August 11, 1999. The change was to become effective upon publication, that is, on August 11, 1999. The notice was not published before the effective date of the zone change. In accordance with the Appellate Court's holding in Wilson v. Planning ZoningCommission, supra, 53 Conn. App. 182, the enactment is not effective. Id., 185.
In Wilson, the Appellate Court also discussed the proper remedy when a CT Page 10143 zoning authority fails to properly publish before the effective date of a zone change: "In view of the language of § 8-3 (d), it seems clear that, while publication is unmistakably required, the language providing for publication prior to the effective date fixed within the commission's discretion is directory. Therefore, the defect in publishing notice prior to the effective date does not void the commission's decision and can readily be corrected. . . . [A]lthough the commission's decision to change the zone did not become effective, it could become effective when the notice is properly published. Therefore, no reapproval is necessary because the time for publishing notice has not expired. The commission originally could have fixed the effective date at any time following it decision to change the zone and, accordingly, may now fix a new effective date. For the commission's decision to change the zone to be validly enacted into law, however, it must comply with the statutory mandate and publish notice before the fixed effective date. The substance of the commission's action is not affected." (Citations omitted.) Id., 190-91. Accordingly, the present case should be remanded to the commission for the purpose of fixing a new effective date pursuant to § 8-3 (d) and to publish notice prior to the new fixed effective date.
The plaintiff's second ground for appeal is that the effective date of the zone change was set by the chairman of the commission, rather than by a vote of the commission. Because this case, as discussed above, must be remanded to the commission for the setting of a new effective date, the plaintiff's second ground for appeal is now moot, and will not be addressed by this court.
 Conclusion
The commission failed to publish notice of the zone change as required by General Statutes § 8-3 (d). Because the language of the statute is directory, however, the defect may be corrected by the commission. The appeal is therefore sustained and the case is remanded to the commission for the purpose of fixing a new effective date pursuant to § 8-3 (d) and to publish another notice prior to the new fixed effective date.
McLachlan, J.